IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shirley Ann Edwards, #221579, | ) | C/A No.: 1:13-1232-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of Heath Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Shirley Ann Edwards is an inmate at the Leath Correctional Institution of the South Carolina Department of Corrections. She filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [Entry #20, #21]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to Respondent's motion by October 24, 2013. [Entry #22]. Petitioner filed a timely response. [Entry #26].

After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

1

I.     Factual and Procedural Background

Petitioner was indicted by the Pickens County grand jury during the January 2000 term of court on for one count of distribution of crack cocaine (2000-GS-39-36)("drug distribution") and one count of distribution of crack cocaine within proximity to a school (2000-GS-39-37). [Entry #20-2]. Petitioner was represented by Richard Warder, Esq. [Entry #20-1 at 3–129]. On May 1, 2000, Petitioner had a jury trial before the Honorable Henry F. Floyd, then-Circuit Court Judge and was found guilty on the drug distribution charge. *Id.* Judge Floyd sentenced Petitioner to 20 years. [*Id.* at 128].

On May 5, 2000, Petitioner appealed her conviction and sentence to the South Carolina Court of Appeals ("Court of Appeals"). [Entry #20-3]. On appeal, Petitioner was represented by Assistant Appellate Defender Tara S. Taggart, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed an *Anders* brief[1] raising the following issue: "Whether the trial court erred in failing to grant a new trial based on the insufficiency of the evidence." [Entry #20-4 at 4]. Attorney Taggart noted that the appeal was without legal merit and petitioned to be relieved as counsel. *Id.* at 7.  On June 10, 2002, the Court of Appeals dismissed Petitioner's appeal

---

[1] *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

2

and granted counsel's petition to be relieved. [Entry #20-7]. The remittitur was issued on July 15, 2002. [Entry #20-8].

On May 23, 2000, Petitioner filed an application for post-conviction relief ("PCR") (2000-CP-39-562). [Entry #20-9]. The PCR application was dismissed by the Honorable John C. Few, Circuit Court Judge by a Form 4 Order filed April 29, 2002 [Entry #20-11], because of Petitioner's then-pending direct appeal.

On December 12, 2002, Petitioner filed a second PCR application (2002-CP-39-1910). [Entry #20-1 at 130–34]. A PCR evidentiary hearing was held before Judge Few on July 28, 2003, at which Petitioner and her counsel, Michael Andrews, Esq., appeared. [Entry #20-1 at 140–54]. On August 20, 2003, Judge Few filed an order of dismissal. [Entry #20-1 at 155–59].

On November 1, 2004, Petitioner filed a third PCR application, alleging ineffective assistance of PCR counsel for failing to file a timely notice of appeal (2004-CP-39-1568). [Entry #20-14]. A PCR evidentiary hearing was held before the Honorable D. Garrison Hill, Circuit Court Judge on June 20, 2005, at which Petitioner and her counsel, James C. Alexander, Esq., appeared. [Entry #20-1 at 160–80]. On July 26, 2005, Judge Hill filed an order of dismissal granting a belated PCR appeal pursuant to *Austin v. State*. [*Id.* at 181–182; Entry #27-1]. The order denied all other allegations as barred because they were successive. *Id.*.

Petitioner filed a notice of appeal from the denial of PCR on August 8, 2005. [Entry #20-16]. Assistant Appellate Defender Robert M. Pachak, Esq. of the South

Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal and on or about March 2, 2006, filed a *Johnson* petition[2] for writ of certiorari [Entry #20-17] in the South Carolina Supreme Court pursuant to *Austin v. State* raising the following issue: "Whether there was any evidence to support the PCR judge's findings that petitioner was adequately advised of her right to testify at her trial?" [*Id.* at 3]. Petitioner did not file a pro se response to the *Johnson* petition. Counsel also filed a petition for writ of certiorari, [Entry #20-18], in which he argued that there was evidence to support the PCR judge's findings that Petitioner was entitled to a belated review of the denial of her PCR.

On August 22, 2006, the South Carolina Supreme Court transferred Petitioner's appeal to the Court of Appeals. [Entry #20-22]. By Order filed September 4, 2007, the Court of Appeals granted the petition as to the second PCR action, dispensed with further briefing, and denied the *Johnson* petition as to the original PCR action. [Entry #20-23]. The order granted counsel's request to withdraw. *Id.*

On June 11, 2012, Petitioner filed a fourth PCR application (2012-CP-39-873) [Entry #20-25]. On September 20, 2012, the PCR court filed a conditional order of dismissal, finding the application was untimely and successive and giving Petitioner 20 days to explain why the application should not be dismissed as untimely and successive. [Entry #20-28]. Petitioner filed a pro se response, claiming that relief was proper under

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals).

*Anders* and *Austin*, and claiming actual innocence. [Entry #20-30]. On January 24, 2013, the PCR court issued a final order of dismissal on the PCR filed June 11, 2012. [Entry #20-31].

Petitioner filed a notice of appeal from the denial of PCR on February 6, 2013. [Entry #20-32]. On March 28, 2013, the South Carolina Supreme Court dismissed the appeal, finding that Petitioner's explanation under SCACR 243(c) was insufficient to show that there was an arguable basis for asserting that the determination by the lower court was improper. [Entry #20-37]. The remittitur was issued on April 15, 2013. [Entry #20-38].

Petitioner filed this federal petition for a writ of habeas corpus on May 2, 2013. [Entry #1-3 at 1].[3]

II.     Discussion

    A.     Federal Habeas Issues

In her original filing, Petitioner did not completed the standard AO 241 Form for a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" ("Standard Habeas Form"). Instead, she filed a brief from which it appears that she claims she had ineffective assistance of trial and PCR counsel. [Entry #1 at 1]. She

---

[3] The petition was received by the court on May 6, 2013, and docketed on May 7, 2013. However, because Petitioner is incarcerated, she benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope for the petition does not reflect if or when the petition was deposited in the SCDC mailing system, but the postmark reflects it was mailed on May 2, 2013. [Entry #1-3 at 1]. Because the petition is barred by AEDPA by some nine years, the difference of a few days in posting does not make a difference to the undersigned's analysis.

5

claims that the government failed to meet the burden of proof required in criminal prosecutions. *Id.* She claims to have "newly developed evidence" previously unavailable to her because of ineffective assistance of counsel. *Id.* at 8. She also claims she is actually innocent. *Id.* Further, it appears that she may be complaining of the following:

(1)     Evidence of crack cocaine was improperly admitted into evidence without a chain of custody, authentication, proper expert testimony or testing. *Id.* at 3–5.

(2)     Trial counsel was ineffective for failing to object to the admission of evidence of crack cocaine. *Id.* at 6.

(3)     Trial counsel was ineffective for failing to move for directed verdict. *Id.*

The undersigned issued a Proper Form Order on May 15, 2013, directing Petitioner to complete the Standard Habeas Form. [Entry #5]. Petitioner submitted a partially-completed Standard Habeas Form that incorporated by reference her original filing. [Entry #8].

    B.     Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    C.    Analysis

        1.    AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed her petition after the effective date of the AEDPA, review of her claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified

7

procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
> (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of her conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal,

her conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and her conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[4]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

---

[4] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560, U.S. 631, ___, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court

10

reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that her petition is timely or that she is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

2. Petitioner Did Not Timely File Her Federal Petition

The undersigned finds Petitioner did not timely file her petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction became final "when [her] time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[5]

---

[5] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S.Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its

Petitioner was found guilty and was sentenced on May 1, 2000. [Entry #20-a at 128]. The Court of Appeals affirmed her conviction on June 10, 2002. Petitioner had fifteen days from the date of the Court of Appeals' unpublished opinion to file a Petition for Rehearing if she wanted to seek further review of the opinion. The fifteen days expired on June 25, 2002. Rule 221(a), SCACR. Thus, the expiration of the time for seeking direct review in Petitioner's case occurred on June 25, 2002. *Gonzalez v. Thaler*, 565 U.S. ---, ---, 132 S. Ct. 641, 653–54 (2012) (holding that for those who do not appeal to the United States Supreme Court in the direct appeal, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this [the United States Supreme] Court, or in state court, expires."). The one-year statute of limitations began to run on June 26, 2002.

Petitioner's filing of her PCR application on December 12, 2002, tolled the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). When Petitioner filed her PCR application, 169 days had elapsed, leaving 196 days within which Petitioner could timely file a federal habeas petition. The statute of limitations remained tolled until the Order of Dismissal was filed on August 20, 2003. The statute of limitations resumed on August 21, 2003, and expired 196 days later, on March 4, 2004. Petitioner did not file her habeas

---

cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

12

action until May 2, 2013—over nine years after the statute of limitations had run. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

Petitioner is barred from federal habeas review unless she has demonstrated that she diligently has been pursuing her rights and that extraordinary circumstances prevented her timely filing, which could equitably toll the statute of limitations.

3. Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

a. Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. In her response to summary judgment, Petitioner fails to address the untimeliness of her filing. First, Petitioner has not demonstrated she was reasonably diligent in pursuing her rights below. Petitioner's tardiness in filing this petition in no manner suggests that she diligently pursued her rights. Petitioner's filing of successive PCR applications in state court does not qualify as reasonable diligence under the AEDPA. *See Marsh v. Soares*, 223 F.3d

13

1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

b.     Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because she has not set forth facts that could demonstrate an "extraordinary circumstance" kept her from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle her to equitably toll the AEDPA's statute of limitations.

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support her argument that the limitations period should

be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of her claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

November 26, 2013                              Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).