IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shirley Ann Edwards, #221579, ) | |
| ) | No. 1:13-cv-1232-RMG |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden of Leath Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court grant Respondent's motion for summary judgment. (Dkt. No. 30). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

### Background

Petitioner Shirley Ann Edwards, a state prisoner proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. On September 18, 2013, Respondent filed a motion for summary judgment. (Dkt. No. 21). Petitioner then filed a response in opposition to the motion. (Dkt. Nos. 24, 26). The Magistrate Judge then issued the present R&R recommending the Court grant Respondent's motion for summary judgment. (Dkt. No. 30). Petitioner did not file timely objections.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making

1

a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record and the R&R, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. As fully set forth in the R&R, this petition for a writ of habeas corpus under 28 U.S.C. § 2254 is barred by the one-year statute of limitations applicable to such actions. 28 U.S.C. § 2244(d)(1).

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 30). Accordingly, the Court GRANTS Respondent's motion for summary judgment. (Dkt. No. 21).

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 21, 2013
Charleston, South Carolina